UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L REPP,

        Plaintiff,

v.                                          Case No: 2:15-cv-220-FtM-38CM

CORRECTIONS CORPORATION
OF AMERICA, LAURA BEDARD, E-
JZ KANKAM, ELAINE DENISE KATA
MCGRORY and SANDRA DEE
DUNIVENT,

        Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants Denise Kata McGrory and Corrections Corporation of America's (CoreCivic) Motion for Summary Judgment (Doc. 66) filed on September 1, 2017. On September 25, 2017, the Court issued an Order directing Plaintiff Terry L. Repp to file a response within forty-five days or the Court would consider the motion without a response. Although Repp's response was due on November 9, 2017, no response was filed. The Motion is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Repp brings this civil rights action under 42 U.S.C. § 1983. Repp claims the Defendants showed deliberate indifference to a serious medical need caused by a detached retina in his right eye while he was incarcerated in the Moore Haven Correctional Institution in 2013. (Doc. 1). Repp is no longer housed at Moore Haven, but has been transferred to the Sumter Work Camp. (Doc. 66-1). The Defendant CoreCivic operated the Moore Haven facility when Repp was incarcerated there, but no longer operates the facility. (Doc. 1 at 13). Defendant McGrory was employed by CoreCivic as a nurse supervisor at Moore Haven. (Doc. 1 at 4).

Repp alleges that on the morning of April 7, 2013, he submitted a sick call request to address a vision problem with his right eye. (Doc. 1 at 3). Repp was examined by Nurse Dunivent in the afternoon on April 7, 2013. (Doc. 1 at 3). Nurse Dunivent examined Repp's eye using two eye charts and an ophthalmoscope. (Doc. 1 at 4). After the examination, Nurse Dunivent referred Repp to a doctor.

Repp was examined by Dr. Kankam on April 9, 2013. By that time, Repp reported a total loss of vision in his right eye. (Doc. 1 at 4). Following his examination, Dr. Kankam referred Repp to an eye specialist. (Doc. 1 at 4). Repp was taken to medical to see the eye specialist on April 24, 2013. However, once he arrived at medical he was informed that his appointment with the eye specialist would have to be rescheduled. (Doc. 1 at 4). Repp says that he does not know why his appointment with the eye specialist was cancelled. (Doc. 1 at 4). The eye doctor only visited Moore Haven once a month.

On May 2, 2013, Repp submitted an informal grievance/inmate request form for medical attention to McGrory. (Doc. 1 at 4). McGrory responded that Repp had seen

medical staff, and had been referred to the Doctor but had not returned to medical to have his vision rechecked. (Doc. 1 at 5); (Doc. 66-3). McGrory noted in her response that Repp's vision was the same on April 7, 2013, as it was on October 26, 2010. (Doc. 66-3). McGrory told Repp to follow up with a sick call request if he required further attention. (Doc. 1 at 5); (Doc. 66-3). McGrory never performed a medical exam on Repp.

On May 28, 2013, Repp was seen by the eye doctor who diagnosed him with a detached retina. (Doc. 1 at 5). On May 30, 2013, Repp was taken to the Visual Health and Surgery Center where he was examined by Dr. Baalhaness. (Doc. 1 at 5). Due to the severity and complexity or the case, Dr. Baalhaness referred Repp to Dr. Fortun at the Bascom Palmer Eye Institute. (Doc. 1 at 5). On June 4, 2013, Repp was examined at the Bascom Palmer Eye Institute where it was determined that he would need eye surgery to reattach his retina. (Doc. 66-5). Repp's Surgery was scheduled for June 24, 2013, by Dr. Fortun. Nothing in the record shows that CoreCivic or McGrory had anything to do with Repp's surgery schedule. Repp was taken for several follow up visits after his eye surgery. (Doc. 66-2).

On July 28, 2013, Repp submitted a sick call request about his left eye. Repp was seen by the Moore Haven medical department on July 29, 2013. Repp was taken to the Bascom Palmer Eye Institute and on July 30, 2013, he underwent surgery for his left eye to repair a detached retina. Repp has gone to several follow up procedures for both eye procedures.

## **STANDARD OF REVIEW**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a

3

matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

## **DISCUSSION**

Repp alleges Defendants are liable under a theory of respondeat superior for deliberate indifference to his serious medical need under 42 U.S.C. § 1983. Defendants move for summary judgment arguing that Repp cannot establish that CoreCivic had a custom, policy, or practice of deliberate indifference to his medical needs. Further, Defendants argue that McGrory was not involved with Repp's treatment other than to tell him to request a new sick call. Defendants argue there is no genuine issue of material fact to prevent summary judgment.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (*quoting Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). A prisoner states a valid claim, under 42 U.S.C. § 1983, "whether the indifference is manifested by prison doctors in their response

to the prisoner's needs ... or by prison guards in intentionally denying or delaying access to medical care ... or intentionally interfering with treatment once proscribed." *Id.* at 104–05.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown,* 387 F.3d at 1351 (*quoting Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003)). First, the plaintiff must prove an objectively serious medical need. *Brown,* 387 F.3d at 1351. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need. *Id.* "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.*

Here, no one denies that Repp had a serious medical need. So the next step is to determine if Defendants acted with deliberate indifference to that need. To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. *Id.* (*citing McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.1999)); *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (holding that the conduct must be more than gross negligence).

### *CoreCivic*

Repp argues that CoreCivic, as the operator of the Moore Haven Correctional Institution, delayed his treatment and showed deliberate indifference to his medical

needs. CoreCivic argues that Repp cannot show there was a custom, policy, or practice of deliberate indifference toward his medical needs and therefore, summary judgment must be found in its favor.

The Eleventh Circuit explained in *Buckner v. Toro*, that when private entity contracts with a county to provide medical services to inmates, it performs a function traditionally within exclusive prerogative of state, and in so doing, that entity becomes functional equivalent of the municipality. 116 F.3d 450 (11th Cir. 1997) *(citing* 42 U.S.C.A. § 1983). Thus, the entity is liable under § 1983 for injury resulting from performance of that function only if an injury resulted from the entity's policy or custom. *Id.* Based upon the record before the Court there was no policy, custom, or practice in place by CoreCivic to deliberately delay medical treatment.

Repp submitted a sick call on the morning of April 7, 2013, and he was examined by Nurse Dunivent that afternoon. Repp was referred to a physician and was examined by Dr. Kankam on two days later. Dr. Kankam referred Repp to an eye specialist. Repp was scheduled for an appointment on April 24, 2013, but the appointment was cancelled. Nowhere in the record or in Repp's Complaint does he allege that CoreCivic cancelled his eye appointment.

However, the record indicates that a medical error may have occurred that could have delayed Repp's medical treatment. Repp states that when Nurse Dunivent looked into his eye with the ophthalmoscope she should have noticed that his retina was detached. Repp claims that Nurse Dunivent missing his detached retina caused a delay in his medical treatment that caused him harm. (Doc. 66-2 at 16).

In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition states no valid claim of medical mistreatment under the Eighth Amendment. *Id.* Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id.* To state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Id.* It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.* Thus, any missed diagnosis made by Nurse Dunivent regarding Repp's eye condition did not rise to the level of deliberate indifference.

Further Repp saw Dr. Kankam two days after seeing Nurse Dunivent. Repp was then referred to an eye specialist after his examination by Dr. Kankam. The eye specialist appointment was cancelled for an unknown reason; however, the record contains no allegation that the cancellation was due to deliberate indifference by CoreCivic. Repp's own testimony and evidence from the record demonstrates that Repp's eye condition was conceivably misdiagnosed by Nurse Dunivent and Dr. Kankam. In fact, Repp stated in his deposition that "they goofed the treatment on this eye . . . [o]nce they realized, like I said, they goofed the treatment on this eye" I had no problems with CoreCivic's medical care. (Doc. 66-2 at 16). By Repp's own testimony CoreCivic may have been negligent in its diagnosis, but it was not deliberately indifferent to his medical care. While a medical

error may have occurred in diagnosing Repp's torn retina, there is no genuine issue of material fact that CoreCivic had a custom, practice, or policy to delay medical treatment.

### McGrory

Repp's allegation of deliberate indifference against McGrory stems from her role as Nurse Dunivent's supervisor and her act of directing him to submit a new sick call request on May 2, 2013. (Doc. 66-3). Repp avers that McGrory's act of not seeing him until he submitted a new sick call request caused a delay in his treatment that resulted in permanent harm.

Supervisory officials are not liable under § 1983 based on respondent superior or vicarious liability. *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir.1994). Supervisory liability occurs only when the supervisor participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisory official and the alleged constitutional violation. *Brown v. Ridgway*, 845 F. Supp. 2d 1273, 1279 (M.D. Fla. 2012). Thus, Repp would have to establish that McGrory was personally involved and deliberately caused a delay to his treatment. *Id.*

Repp's Complaint fails to allege that McGrory had a subjective knowledge of a serious risk to Repp's eye sight. McGrory noted on his Inmate Request form he had seen a nurse, a doctor, and that his vision on April 7, 2017, was the same as it was on October 26, 2010. (Doc. 66-3). That McGrory had no hands on treatment with Repp, other than to note he had seen medical, and that his vision in his right eye was the same as it was in 2010, demonstrates that McGrory had no subjective knowledge that Repp's eye condition was a serious medical need. For McGrory to be deliberately indifferent to Repp's condition she would had to know of his detached retina and then deliberately

8

disregarded the risk to his eye. See *Farrow v. West,* 320 F. 3d 1235, 1245 (11th Cir. 2003) (stating that "a prison official cannot be found deliberately indifferent under the Eighth Amendment unless the official *knows of* and *disregards an excessive risk to inmate health or safety;* the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Further, McGrory did not refuse Repp treatment, but merely informed him of the procedure he had to follow to have someone address his medical need. (Doc. 66-3). McGrory's actions were not indifferent to Repp's medical treatment but rather they were facilitating same.

Repp also argues that his cancelled eye appointment on April 24, 2013, caused delay in his treatment that resulted in further harm; however, he presents no allegation or factual basis that McGrory had anything to do with the cancelling of his eye specialist appointment. As such, there is no evidence that McGrory ignored the risk to Repp's eye. Instead, the record shows that McGrory offered instructions on how Repp could receive further treatment by submitting a new sick call request.

Based upon the record available to McGrory, there was no deliberate indifference to Repp's medical needs. See *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir.1999) (quoting *Steele v. Shah,* 87 F.3d 1266, 1269 (11th Cir.1996) (*holding* "summary judgment must be granted for the defendant official unless the plaintiff presents evidence of the official's subjective knowledge, 'since a finding of deliberate indifference requires a finding of the defendant's subjective awareness of the relevant risk, a genuine issue of material fact exists only if the record contains evidence, albeit circumstantial, of such subjective awareness.'")). Since Repp has failed to present a genuine issue of material fact

9

suggesting that McGrory understood the risk of harm he was facing summary judgment is due to be issued for McGrory.

*Injunctive Relief*

Repp also moves for injunctive relief asking the Court to order CoreCivic to: (1) amend the term medical emergency to include any sudden obstruction or loss of vision; (2) update all of their sick call procedures and grievance forms; (3) to force Defendants to post all notices of all rule changes; and (4) to change their sick call procedures and amend their grievance policy so the person that is subject of the grievance does not receive a copy of the grievance.

The Eleventh Circuit has held "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (*quoting Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985)). Repp is no longer incarcerated at Moore Haven and CoreCivic is no longer contracted to operate Moore Haven Correctional Facility. Thus, Repp's injunctive claim fails.

Accordingly, it is now **ORDERED:**

Defendants Denise Kata McGrory and Corrections Corporation of America's (Core Civic) Motion for Summary Judgment (Doc. 66) is **GRANTED**. Defendants Denise McGrory and CoreCivic are **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of March, 2018.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record
SA: FTMP-2