UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L REPP,

    Plaintiff,

v.                                                 Case No: 2:15-cv-220-FtM-38CM

E-JZ KANKAM and SANDRA DEE
DUNIVENT,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter is before the Court upon § 1915 review of the claim against Defendant Sandra Dee Dunivent. Plaintiff alleges Dunivent was deliberately indifferent to his medical needs in violation of his Constitutional rights. For the following reasons, Defendant Sandra Dee Dunivent is dismissed from this case.

## BACKGROUND

Repp brings this civil rights action pursuant to 42 U.S.C. § 1983. Repp claims the Defendants showed deliberate indifference to a serious medical need caused by a detached retina in his right eye while he was incarcerated in the Moore Haven Correctional Institution (Moore Haven) in 2013. (Doc. 1). Repp is no longer housed at

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Moore Haven, but has been transferred to the Sumter Work Camp. ([Doc. 66-1](Doc. 66-1)). The Defendant CoreCivic operated the Moore Haven facility at the time Repp was incarcerated there, but no longer operates the facility. ([Doc. 1 at 13](Doc. 1 at 13)). Defendant Dunivent was employed by CoreCivic as a nurse at Moore Haven. ([Doc. 1 at 4](Doc. 1 at 4)).

Repp was examined by Nurse Dunivent in the afternoon of April 7, 2013, after he submitted a sick call request to address a vision problem with his right eye. ([Doc. 1 at 3](Doc. 1 at 3)). Nurse Dunivent examined Repp's eye using two different eye charts and an ophthalmoscope. ([Doc. 1 at 4](Doc. 1 at 4)). After the examination, Nurse Dunivent referred Repp to a doctor.

Repp was examined by Dr. Kankam on April 9, 2013. By that time, Repp reported a total loss of vision in his right eye. ([Doc. 1 at 4](Doc. 1 at 4)). Following his examination, Dr. Kankam referred Repp to an eye specialist. ([Doc. 1 at 4](Doc. 1 at 4)). Repp was taken to medical to see the eye specialist on April 24, 2013. However, once he arrived at medical he was informed that his appointment with the eye specialist would have to be rescheduled. ([Doc. 1 at 4](Doc. 1 at 4)). Repp says that he does not know why his appointment with the eye specialist was cancelled. ([Doc. 1 at 4](Doc. 1 at 4)). The eye doctor only visited Moore Haven once a month.

On May 2, 2013, Repp submitted an informal grievance/inmate request form for medical attention to Nurse Supervisor McGrory. ([Doc. 1 at 4](Doc. 1 at 4)). McGrory responded that Repp had already seen medical staff and had been referred to the Doctor but had not returned to medical to have his vision rechecked. ([Doc. 1 at 5](Doc. 1 at 5)); ([Doc. 66-3](Doc. 66-3)). McGrory noted in her response that Repp's vision was the same on April 7, 2013, as it was on October 26, 2010. ([Doc. 66-3](Doc. 66-3)). McGrory told Repp to follow up with a sick call request if he required further attention. ([Doc. 1 at 5](Doc. 1 at 5)); ([Doc. 66-3](Doc. 66-3)).

On May 28, 2013, Repp was seen by the eye doctor who diagnosed him with a detached retina. ([Doc. 1 at 5](Doc. 1 at 5)). On May 30, 2013, Repp was taken to the Visual Health and Surgery Center where he was examined by Dr. Baalhaness. ([Doc. 1 at 5](Doc. 1 at 5)). Due to the severity and complexity of the case, Dr. Baalhaness referred Repp to Dr. Fortun at the Bascom Palmer Eye Institute. ([Doc. 1 at 5](Doc. 1 at 5)). On June 4, 2013, Repp was examined at the Bascom Palmer Eye Institute where it was determined that he would need eye surgery to reattach his retina. ([Doc. 66-5](Doc. 66-5)). Repp's Surgery was scheduled for June 24, 2013, by Dr. Fortun. Nothing in the record shows that CoreCivic or McGrory had anything to do with Repp's surgery schedule. Repp was taken for several follow up visits after his eye surgery. ([Doc. 66-2](Doc. 66-2)).

On July 28, 2013, Repp submitted a sick call request concerning his left eye. Repp was seen by the Moore Haven medical department on July 29, 2013. Repp was taken to the Bascom Palmer Eye Institute and on July 30, 2013, he underwent surgery for his left eye to repair a detached retina. Repp has gone to several follow up procedures for both eye procedures.

## **STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* [28 U.S.C. § 1915A(a)](28 U.S.C. § 1915A(a)), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, *[Boxer v. Harris](Boxer v. Harris)*, 437 F.3d 1107, 1110 (11th Cir.

2006), and applies the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. *See also* § 1915(e)(2). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Mitchell v. Carcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[2] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation

---

[2]Plaintiff is proceeding *in forma pauperis* in this action. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

4

that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## **DISCUSSION**

Plaintiff alleges Nurse Dunivent was deliberately indifferent to his serious medical need caused by a detached retina in his right eye while he was incarcerated at Moore Haven. It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (*quoting* Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A prisoner states a valid claim, under 42 U.S.C. § 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs . . . or by prison guards in intentionally denying or delaying access to medical care . . . or intentionally interfering with treatment once proscribed." Id. at 104–05.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown, 387 F.3d at 1351 (*quoting* Farrow v. West, 320 F.3d 1235, 1243 (11th Cir.2003)). First, the plaintiff

5

must prove an objectively serious medical need. *Brown,* 387 F.3d at 1351. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need. *Id.* "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.*

No one denies that Repp was diagnosed with a serious medical need. So the next step is to determine if Nurse Dunivent acted with deliberate indifference to that need. To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. *Id.* (*citing McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir.1999)); *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (holding that the conduct must be more than gross negligence).

Nurse Dunivent examined Repp's eye using two eye charts and an ophthalmoscope. (Doc. 1 at 4). After the examination, Nurse Dunivent referred Repp to see Dr. KanKam. *Id.* Although Nurse Dunivent did not diagnose Repp with a detached retina he was later diagnosed with a detached retina by the eye doctor. (Doc. 1 at 5). However, it is clear after examination that Nurse Dunivent referred Repp to an eye doctor who saw Repp two days later. Repp's own deposition testimony demonstrates that Repp's eye condition was conceivably misdiagnosed by Nurse Dunivent. Repp stated in his deposition that "they goofed the treatment on this eye . . . [o]nce they realized, like I

6

said, they goofed the treatment on this eye" I had no problems with CoreCivic's medical care. (Doc. 66-2 at 16).   Nurse Dunivent did recognize an eye issue and did refer Defendant to a doctor.  At best, Nurse Dunivent's misdiagnosis was mere negligence and at most, malpractice.  A misdiagnosis or even medical malpractice is not grounds for establishing deliberate indifference. *Estelle,* 429 U.S. at 105-106.  Since a misdiagnosis does not rise to the level of deliberate indifference, the Complaint fails to state a claim against Nurse Dunivent.  Therefore, under to 28 U.S.C. § 1915A(e)(2)(ii), Nurse Dunivent is due to be dismissed from the case.

Accordingly, it is now

**ORDERED:**

Defendant Sandra Dee Dunivent is hereby **DISMISSED with prejudice** from this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of September 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2

7