UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. REPP,

    Plaintiff,

v.                                          Case No.: 2:15-cv-220-FtM-38MRM

E-JZ KANKAM,

    Defendant.

## OPINION AND ORDER[1]

Before the Court is Defendant Dr. E-JZ KanKam's ("Dr. KanKam") Motion for Summary Judgment and Incorporated Memorandum of Law filed on July 22, 2020. (Doc. 99). The Court instructed Plaintiff how to respond to a summary judgment motion and duly warned him that his failure to respond would signify he did not oppose the motion and all supported material facts submitted by Dr. KanKam would be deemed admitted. (Doc. 100). Plaintiff, nonetheless, failed to heed the Court's warning and respond to Dr. KanKam's Motion. For the following reasons, the motion for summary judgment is granted.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.


## BACKGROUND

Repp initiated this civil rights action under 42 U.S.C. § 1983 on February 4, 2015. (Doc. 1). The Complaint named as defendants: Corrections Corporation of America, Laura Bedard, Dr. KanKam, Elaine Denise Kata McGrory and Sandra Dee Dunivent. (*Id.*). In 2018, the Court entered summary judgment in favor of Defendants McGrory, Corrections Corporation of America, and Bedard. (Docs. 72; 81). That same year, the Court dismissed Defendant Dunivent under 28 U.S.C. § 1915(e)(2) for failure to state a claim. (Doc. 84).

Since September 27, 2019, this case has been stayed against Dr. KanKam because he was outside the United States in military service. (Doc. 85). After Dr. KanKam returned, the Court lifted the stay and directed service upon him. (Doc. 90). Dr. KanKam filed an Answer and Affirmative Defenses on October 7, 2019. (Doc. 96). The Court permitted further discovery. (Doc. 97). Dr. KanKam, the sole remaining defendant, now moves for summary judgment. (Doc. 99).

According to the Complaint, Dr. KanKam showed deliberate indifference to Repp's serious medical need caused by a detached retina in his right eye while he was incarcerated in the Moore Haven Correctional Institution in 2013. (Doc. 1). Repp is no longer housed at Moore Haven, but has been transferred to another facility. (Doc. 66-1). Dr. KanKam was employed by CoreCivic at Moore Haven. (Doc. 1 at 4). Repp alleges that on the morning of April 7, 2013, he submitted a sick call request to address a vision problem with his right eye and was examined by Nurse Dunivent that same day in the afternoon. (*Id.* at 3). After her

examination, Nurse Dunivent referred Repp to a doctor. Dr. Kankam examined Repp on April 9, 2013. At that appointment, Repp reported a total loss of vision in his right eye. (*Id.* at 4). Following his examination, Dr. Kankam referred Repp to an eye specialist. (*Id.*). Repp was taken to medical to see the eye specialist on April 24, 2013. However, once he arrived at medical, he was informed that his appointment with the eye specialist would have to be rescheduled. (*Id.*). Repp admits he does not know why his appointment with the eye specialist was cancelled. (*Id.*). Repp subsequently submitted an informal grievance/inmate request form about his eye condition and need for medical attention. McGrory responded to the grievance and noted in her response that Repp's vision was the same on April 7, 2013, as it was on October 26, 2010. (Doc. 66-3). McGrory told Repp to follow up with a sick call request if he required further attention. (Docs. 1 at 5; 66-3).

On May 28, 2013, an eye doctor examined Repp and diagnosed him with a detached retina. (Doc. 1 at 5). On May 30, 2013, Repp was taken to the Visual Health and Surgery Center and examined by Dr. Baalhaness. (*Id.* at 6). Dr. Baalhaness referred Repp to Dr. Fortun at the Bascom Palmer Eye Institute. (*Id.* at 5). On June 4, 2013, Repp was examined at the Bascom Palmer Eye Institute where it was determined that he would need eye surgery to reattach his retina. (Doc. 1 at 6; 66-5). Repp's surgery was scheduled for June 24, 2013 by Dr. Fortun. (Doc. 1 at 6). Nothing in the record shows that Dr. KanKam had anything to do

3

with Repp's surgery schedule. Repp was taken for several follow up visits after his eye surgery. (Doc. 66-2).

On July 28, 2013, Repp submitted a sick call request complaining about his left eye. (Doc. 1 at 7). Repp was seen by the Moore Haven medical department on July 29, 2013. (*Id.*). Repp was taken to the Bascom Palmer Eye Institute and, on July 30, 2013, he underwent surgery for his left eye to repair a detached retina. (*Id.*). Repp has gone to several follow-up appointments for both eye procedures. (*Id.*).

## LEGAL STANDARD

Summary judgment is appropriate only when "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. *See id*. The moving party bears the burden of showing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. *See Whatley v. CNA Ins. Co.*, 189 F.3d 1310, 1313 (11th Cir. 1999) (citation omitted).

## DISCUSSION

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prisoner states a valid claim, under 42 U.S.C. § 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs . . . or by prison guards in intentionally denying or delaying access to medical care . . . or intentionally interfering with treatment once proscribed." *Estelle*, 429 U.S. 97 at 104-105.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Brown*, 387 F.3d at 1351 (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must prove an objectively serious medical need. *Id*. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need. *Id.* at 1351. "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id*.

Defendant KanKam does not dispute that Repp's diagnosis of a detached retina constitutes a serious medical need. Thus, the Court limits its determination to whether Dr. KanKam acted with deliberate indifference to Repp's need for medical care. To establish the second element, deliberate indifference to the serious medical need, Repp "must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Id.* (citation omitted); *see Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (holding that the conduct must be more than gross negligence). "For medical treatment to rise to the level of a constitutional violation, the care must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Nimmons v. Aviles*, 409 F. App'x 295, 297 (11th Cir. 2011) (internal quotation marks and citation omitted).

Liberally construing Plaintiff's Complaint, Plaintiff argues Dr. KanKam acted with deliberate indifference because he failed to diagnose him with a detached retina and provide him with immediate, emergency care on April 9, 2013. Repp contends this delay in treatment and failure to diagnose him caused him further injury. The Court finds no evidence to support an Eighth Amendment claim against Dr. KanKam.

Delayed medical treatment rises to the level of deliberate indifference when "it is apparent that delay would detrimentally exacerbate the medical problem, the delay actually seriously exacerbates the problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir. 2000) (internal

6

quotation marks and citation omitted). A prisoner must provide "verif[ied] medical evidence . . . to establish the detrimental effect of delay in medical treatment." *Hill*, 40 F.3d at 1188 (overruled on other grounds).

Here, Repp introduces no verified medical evidence that Dr. KanKam's action in referring Plaintiff to an eye specialist resulted in Plaintiff's decreased vision in his right eye. Crucial here, upon evaluation by the referred eye specialist, Dr. Baalhaness, he opted <u>not</u> to conduct emergency surgery but, rather, refer Plaintiff to Dr. Fortun due to the "severity of the case." (Doc. 66-4). Even after Dr. Fortun determined Plaintiff's eye required surgery, the surgery was not scheduled until *twenty* days later. (Doc. 1 at ¶ 6). The evidence thus does not establish that Dr. KanKam knew of or disregarded an excessive risk to Plaintiff's health. Instead, Dr. KanKam examined Repp and immediately referred Repp to the eye specialist. Although this appointment was postponed, there is no evidence to demonstrate Dr. KanKam was responsible for this delay. (Doc. 66-2 at 63). Dr. KanKam cannot be held responsible for either the period before he examined Plaintiff or the period after April 9, 2013 and when the surgery was performed. The record lacks any evidence showing the delay attributable to Dr. KanKam and/or that the delay further was detrimental to Plaintiff.

To the extent Repp alleges Dr. KanKam acted with deliberate indifference when he failed to diagnose Plaintiff with a detached retina, this claims likewise fails. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment." *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). While Plaintiff's allegations may suggest medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not constitutional violation[s] merely because the victim is a prisoner." *Harris v. Coweta Cty.,* 21 F.3d 388, 393 (11th Cir. 1994) (internal quotation marks and citation omitted). Further, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

This is not the case in which Plaintiff was altogether denied treatment. Instead, Dr. KanKam examined Plaintiff and exercised professional judgment by referring him to an eye specialist. There is nothing in the record to suggest Dr. KanKam was subjectively aware that Plaintiff had a detached retina. The record demonstrates Dr. KanKam examined Plaintiff and then referred Plaintiff to the eye specialist. At best, Dr. KanKam's failure to diagnose Plaintiff with a detached retina was mere negligence and, at most, malpractice. Yet a misdiagnoses or even medical malpractice is not grounds for establishing deliberate indifference. *See Estelle,* 429 U.S. at 105-06. Based upon the uncontroverted evidence in the record, the Court finds Dr. KanKam is entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

1. Defendant Dr. E-JZ KanKam's Motion for Summary Judgment (Doc. 99) is **GRANTED**. Defendant KanKam is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 26, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record